UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Universal Electric Products Co., Inc.,

    Plaintiff and Counter-Defendant,

v.                                                                            Case No. 06-15254

Emerson Electric Co.,                                   Honorable Sean F. Cox

    Defendant and Counter-Plaintiff.
_____/

**OPINION & ORDER
DENYING UNIVERSAL'S MOTION FOR RECONSIDERATION
AND GRANTING, IN PART, EMERSON'S MOTION FOR ENTRY OF JUDGMENT**

This action arises out a failed distributor relationship between Plaintiff/Counter-Defendant Universal Electric Products Co., Inc. ("Universal") and Defendant/Counter-Plaintiff Emerson Electric Co. ("Emerson"). Following discovery, Emerson sought summary judgment. In an Opinion & Order issued on April 8, 2008, this Court granted summary judgment in favor of Emerson with respect to Plaintiff's breach of contract and tortious interference claims. The Court also ruled that, with respect to Emerson's motion seeking summary judgment on two of its counterclaims, the motion would be granted to the extent that Universal owes Emerson the following amounts: 1) $201,708.22 for product that it received from Emerson (Count II, Open Account claim); and 2) $64,835.41 for unreturned consigned goods (Count III, Breach of Consignment Agreement Claim).

The matter is now before the Court on Universal's motion seeking reconsideration of the Court's grant of summary judgment in favor of Emerson on Universal's breach of contract and tortious interference claims. Also before the Court is Emerson's motion seeking entry of

1

judgment following the Court's rulings on its counterclaims. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons that follow, Universal's motion shall be DENIED and Emerson's Motion for Entry of Judgment shall be GRANTED.

## BACKGROUND

The background of this action is fully set forth in this Court's April 8, 2008 Opinion & Order. (*See* Docket Entry No. 103).

## ANALYSIS

I.  Plaintiff's Motion For Reconsideration:

Universal's Motion for Reconsideration urges the Court to reconsider its rulings granting summary judgment in favor of Emerson on Universal's breach of contract and tortious interference claims.

Local Rule 7.1(g) provides that a motion for reconsideration should only be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. L.R. 7.1(g). Local Rule 7.1(g) further provides that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."

    A.  Universal's Breach Of Contract Claim:

In response to Emerson's Motion for Summary Judgment, Universal took the position that even if the Distributorship Agreement permitted Emerson to sell directly to Universal's customers, the parties expressly modified the agreement, in an August 20, 2001 letter, to prohibit such sales.[1] (*See* Pl.'s Resp. Br. at 10-11). Universal's arguments on this issue during initial briefing were quite narrow:

> Here, as documented in Section II.C, it is undisputed that in 2001, UEP complained regarding Emerson's improper direct sale to Mann & Hummel (M&H). In response, Emerson paid UEP and committed, in writing, not [to] pursue UEP's OEM accounts on a direct basis. Emerson's own account representative testified that by executing the 2001 Letter Agreement, Emerson committed that it 'would not pursue direct business that we were servicing through Universal.' According, even if the Distributorship Agreement did not prevent Emerson from directly selling to UEP's OEM customers, the parties effectively modified this provision.

(Pl.'s Resp. Br. at 10-11).

In its April 8, 2008 Opinion & Order, this Court rejected Universal's position, explaining:

> Finally, the Court must consider Universal's assertion that the parties subsequently modified the contract. This argument also fails because there is insufficient evidence upon which a reasonable jury could conclude that the parties entered into a contract modification that bars Emerson from direct sales. The August 20, 2001 letter does not, by its terms, set forth an agreement not to sell directly to Universal's customers. Moreover, Beaton testified that the confidentiality agreement forwarded by Emerson during this time period, which contains the following language, accurately reflected the parties's discussions on the issue:
>
>> For the sake of clarity, Emerson is not agreeing to avoid soliciting business from OEM's which may be listed by Universal Electric as an existing account.

---

[1] In its Motion for Reconsideration, however, Universal changes its position and now appears to assert that the contract modification preceded the August 20, 2001 letter. (*See* Motion for Reconsideration at 13, in bold).

3

(Ex. 2 to Def.'s Br.; *see also* Beaton Tr. at 66-67).

(4/8/08 Opinion & Order at 14).

In its Motion for Reconsideration, Universal asserts that the Court erred by not finding that Al Aune's testimony created an issue of fact as to whether there was a written contract modification.

The Court rejects this argument. During his deposition in this case,[2] Al Aune testified as follows:

> Q. Prior to the termination of the Distributorship Agreement which took place in late 2006,[3] did Emerson, to your knowledge, have an understanding with UEP that Emerson would not sell Emerson product to accounts which Universal was selling Emerson products to in its territory?
> A. Yes.
> Q. When was that understanding reached?
> A. I don't recall.
> Q. Who reached that understanding?
> A. I don't recall.
> Q. Were you part of that discussion?
> A. I probably was.
>     MR RAINS: Well, I'm going to ask that you not guess. If you know –
>     THE WITNESS: Okay.
>     MR. RAINS: That you were, that's fine, but if you don't know –
>     THE WITNESS: I don't recall.

(Aune Dep. at 24-25). Thus, Aune testified that he believed there was some sort of "understanding" between the parties as to the issue. He did not testify that there was a written modification of the Distributorship Agreement. Moreover, Aune testified that he did not know

---

[2]Emerson's June 3, 2006 brief indicates that Mr. Aune died in April of 2008.

[3]The parties began their distributor relationship in 1984. The 1990 Distributor Agreement was not the first contract between the parties. (*See* Universal's Second Am. Compl. at ¶ 5).

4

when the "understanding" was reached, who reached the understanding, or whether he was a part of any such discussions.

The Court continues to believe that Aune's testimony, especially when combined with the express terms of the written document that Universal relied on to establish the alleged modification, and the above testimony of Beaton referenced in the Opinion & Order, is insufficient to create a genuine issue of material fact as to whether there was a valid and enforceable written contract modification by the parties.[4]

B.  Universal's Tortious Interference Claims:

Next, Universal asserts that the Court erred in granting summary judgment in favor of Emerson because the issue of whether particular conduct is justified is ordinarily a jury question. As noted in *Baldwin Props. v. Sharp*, 949 S.W.2d 952, 957 (Mo. Ct. App. 1997), Missouri courts, however, have granted and affirmed summary judgment in numerous cases in which justification was the primary issue.

Universal's Motion for Reconsideration also continues to make some of the same arguments that this Court has already rejected. A motion for reconsideration is not another chance for a plaintiff to re-argue its position. As explained above, under Local Rule 7.1(g)(3), the "court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."

Finally, Universal also urges the Court to reverse its summary judgment ruling based on

---

[4]The Court also rejects Universal's good faith and fair dealing argument, and its remaining arguments regarding the contract claim, for the reasons stated in the April 8, 2008 Opinion & Order.

new factual and legal arguments that were not made in Universal's Response to Emerson's summary judgment motion. "However, a motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F.Supp.2d 636, 637 (E.D. Mich. 2003); *see also Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(holding that a party is not permitted to raise new legal arguments on a motion for reconsideration that could have been raised earlier).

The Court, having concluded that Universal's motion has failed to identify a palpable defect with the rulings in its April 8, 2008 Opinion & Order, shall deny Universal's Motion for Reconsideration.

II.     Emerson's Motion For Entry Of Judgment:

Following this Court's April 8, 2008 Opinion & Order, Emerson filed a Motion for Entry of Judgment pursuant to FED. R. CIV. P. 58(b)(1)(B). Emerson seeks a judgment awarding it: 1) $201,708.22 for product that Universal received and did not pay for (Count II of Emerson's counter-complaint); and 2) $64,835.41 for unreturned consigned goods (Count III of Emerson's counter-complaint).

Universal filed a brief in opposition to Emerson's Motion for Entry of Judgment. Notably, Universal does not dispute that Defendant is entitled to judgment for the above amounts following this Court's April 8, 2008 Opinion & Order. Plaintiff does oppose the entry of Emerson's proposed judgment, however, on two bases.

First, Universal asserts that the judgment should be amended to reflect that it is not a

final judgment. The Court agrees that this would not be a final[5] judgment and that any judgment issued should reflect that.

Second, Universal asserts that the proposed judgment improperly includes costs and interest. With respect to costs, Universal notes that it would be premature to award such costs because this action is still proceeding and Emerson may not be considered the "prevailing party" if Universal succeeds on its remaining claim. Universal therefore contends that no determination regarding costs should be made until the action concludes. It also correctly notes that the matter of costs is to be directed to the Court Clerk in the first instance, rather than the Court. The Court agrees that the issue of costs is not properly before the Court at this time.

Next, Universal contends that Emerson's proposed language regarding interest should be amended slightly. Emerson's proposed judgment simply states "with interest." Universal wants that language changed to "with statutory interest" to clarify that, while the judgment may bear post-complaint interest under applicable state and federal law, no pre-complaint interest was requested.

Contrary to Universal's assertion, however, Emerson did request "pre-judgment and post-judgment interest" in its prayer for relief. (*See* Docket Entry No. 11 at 11). In its Reply brief, Emerson asserts that is can be awarded pre-judgment interest under applicable Missouri statutes. The Court does not believe that Universal's requested language of "statutory interest" would restrict interest to post-judgment interest. The Court shall therefore use the proposed "statutory

---

[5]For example, with respect to Emerson's breach of consignment agreement counterclaim, this Court's Opinion & Order found that a genuine issue of material facts existed as to whether Universal owes $9,530.15 for returned consigned goods due to their condition upon being returned to Emerson. (4/8/08 Opinion & Order at 25-26).

interest" language requested by Universal.

CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Universal's Motion for Reconsideration is DENIED.

IT IS FURTHER ORDERED that Emerson's Motion for Entry is GRANTED, IN PART. An appropriate partial judgment shall issue forthwith.

IT IS SO ORDERED.

                S/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated: June 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 16, 2008, by electronic and/or ordinary mail.

                S/Jennifer Hernandez
                Case Manager